IN THE COURT OF APPEALS

8/26/97

OF THE

STATE OF MISSISSIPPI

NO. 95-KA-00528 COA

ISAAC STEVE WILLIAMS APPELLANT

v.

STATE OF MISSISSIPPI APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. ROBERT WALKER

COURT FROM WHICH APPEALED: HARRISON COUNTY CIRCUIT

ATTORNEY FOR APPELLANT: WARREN LEON CONWAY

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: DEWITT T. ALLRED, III

DISTRICT ATTORNEY: STEPHEN SIMPSON

NATURE OF THE CASE: CRIMINAL - FELONY - ARMED ROBBERY

TRIAL COURT DISPOSITION: CONVICTED OF ARMED ROBBERY AND SENTENCED TO 5 YEARS.

MOTION FOR REHEARING FILED:9/4/97

PETITION FOR CERTIORARI FILED: 11/19/97

BEFORE BRIDGES, C.J., HINKEBEIN, AND KING, JJ.

HINKEBEIN, J., FOR THE COURT:

Isaac Steve Williams was convicted of armed robbery in the Harrison County Circuit Court, First Judicial District. Williams was sentenced to a term of five years imprisonment in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction, Williams appeals to this Court on the following grounds:

I. THE TRIAL COURT IMPROPERLY OVERRULED DEFENDANT'S *BATSON* CHALLENGES.

II. THE TRIAL COURT ERRED IN REFUSING DEFENDANT'S JURY CHALLENGES FOR CAUSE.

III. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S OBJECTION TO PROSECUTOR'S REMARKS IN CLOSING ARGUMENT.

Holding these assignments of error to be without merit, we affirm the judgment of the circuit court.

FACTS

During the early morning hours of December 17, 1993, two men wearing camouflage jackets and ski masks entered the Grand Casino in Gulfport, Mississippi. One approached a change window within the casino with a sawed-off shotgun. He directed employees stationed at the window to empty their cash drawers into two pillow cases. His companion surveyed the scene. After collecting the money, the robbers joined a third individual waiting outside. The group then fled in a red Chevrolet Blazer.

Shortly thereafter, Gulfport police detectives found the red Blazer parked outside Steve Williams's

apartment. The vehicle was registered to Mr. and Mrs. Carl Rogers. Both Rogers and Williams were found to be security officers at the Grand Casino. The detectives located Williams and requested his consent to a search of the apartment. He refused. After entering the premises via a search warrant, the detectives discovered ski masks, guns (including a sawed-off shotgun), camouflage jackets, and almost $50,000 in cash. In addition, Carl Rogers, Matthew Williams and Reginald Evans were found hiding in the attic of Williams's apartment. All three were arrested and charged with armed robbery.

Steve Williams was later arrested in connection with the robbery as well. All three men revealed Steve Williams's role in the robbery. Steve Williams participated in the making of plans and preparations. His duties as security guard at the casino would serve as his cover. His responsibility was pinpointing the location of the on-site Gulfport police officer and creating a diversion if necessary.

## PROCEEDINGS BELOW

Following his arrest, Williams was indicted by the Harrison County Grand Jury and charged with the crime of armed robbery. At trial, the jury returned a guilty verdict, convicting Williams as an accomplice. It is from this conviction that Williams brings this appeal.

## ANALYSIS

## I. THE TRIAL COURT IMPROPERLY OVERRULED DEFENDANT'S *BATSON* CHALLENGES.

Williams asserts that the lower court erred by accepting the State's justifications for peremptory challenges against black venire persons. The State argues that Mississippi Supreme Court precedent correctly guided the trial judge's discretion in determining the credibility of these prosecutorial explanations. We agree.

Under *Batson v. Kentucky,* a criminal defendant has "the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria." *Batson v. Kentucky*, 476 U.S. 79, 96 (1986). However, a trial judge's factual findings relative to a prosecutor's employed criteria deserve great deference and will not be reversed unless they appear clearly erroneous or against the overwhelming weight of the evidence. *Lockett v. State*, 517 So. 2d 1346, 1350 (Miss. 1987). The trial court simply has a better vantage point from which to judge the credibility of the proffered explanations than do we. *See Scott v. Ball*, 595 So. 2d 848, 849 (Miss. 1992) (citations omitted). In fact, *Batson* "in no way precludes exercise of a peremptory challenge for a non race-based reason that objective and fair-minded persons might regard as absurd." *Chisolm v. State*, 529 So. 2d 635, 639 (Miss.1988).

The State presented these following explanations for striking two jurors at trial: juror Tyler knew the defense counsel's relatives and office personnel as well as a witness; juror Tart knew the defense counsel's mother and her son had been prosecuted by the district attorney's office. The trial judge accepted these reasons as race neutral. Our review of this decision finds little to contradict his

reasoning. The Mississippi Supreme Court has previously addressed these issues. In *Griffin v. State*, the prosecution struck one black juror because he had family members who had been convicted of crimes, and another because she knew the defendant and defense counsel. *Griffin v. State*, 607 So. 2d 1197, 1203 (Miss. 1992). The acceptance of these reasons as racially neutral was upheld on appeal. *Id.* Thus, this trial court's acceptance of the same criteria is far from clearly erroneous. We will not disturb the decision.

These proffered explanations are not entirely dissimilar from the *challenge for cause* raised by Williams as to a third prospective juror, Ms. Ladner. Williams makes much of this on appeal. He likens familiarity with *both* the prosecution and the defense counsel to an acquaintance with only one of the two. We need not address the contention directly. As the trial judge explained at the time, Williams has confused two entirely distinct inquiries. Challenges for cause are properly exercised on "any juror, because of his relationship to one of the parties, his occupation, his past experience, or whatever, would normally lean in favor of one of the parties, or be biased against the other, or one's claim or the other's defense in the lawsuit, to this extent, of course, his ability to be fair and impartial is impaired." *Scott*, 595 So. 2d at 850. Race-neutral explanations need not rise to this level. *Harper v. State*, 635 So. 2d 864, 867 (Miss. 1994); *Benson v. State*, 551 So. 2d 188, 192 (Miss. 1989). Again, we can find no reason to view the decision of the trial judge as clearly erroneous. Thus, this assignment of error is without merit.

## II. THE TRIAL COURT ERRED IN REFUSING DEFENDANT'S JURY CHALLENGES FOR CAUSE.

Williams claims that the trial court erroneously denied him certain challenges for cause, thereby forcing an incompetent juror upon him. The State argues that Williams has not met the

threshold requirements for claiming error since he had peremptory strikes remaining at the decisive moment. We agree with the State.

The settled rule demands that before an appellant may complain of a trial court's denial of challenge for cause, he must show previous exhaustion of all peremptory challenges. *Lester v. State*, 692 So. 2d 755,792 (Miss. 1997); *Hansen v. State*, 592 So. 2d 114, 129 (Miss. 1991). As long as the jury seated is impartial, the fact that the defendant had to use his peremptory challenges to obtain that result does not mean that he was denied his constitutional rights. *Davis v. State*, 660 So. 2d 1228, 1243 (Miss. 1995) (citing *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988)). *Hansen* set out the rationale behind this rule:

[T]he appellant has the power to cure substantially any error so long as he has remaining unused peremptory challenges. We would put the integrity of the trial process at risk were we to allow a litigant to refrain from using his peremptory challenges and, suffering an adverse verdict at trial, secure reversal on appeal on grounds that the Circuit Court did not do what appellant wholly had power to do.

*Hansen*, 592 So. 2d at 129-30 (citations omitted). The case sub judice illustrates this reasoning.

Williams first challenged venire person Ladner for cause. As described above, Williams cited Ms. Ladner's professional acquaintance with *both* the prosecution and defense attorneys as well as her marriage to a state trooper. The trial court rejected this argument, finding Ms. Ladner both fair and impartial. The defense then employed one of its peremptory strikes to remove Ms. Ladner. Williams also challenged venire men Reuter and Bateman for cause. The trial judge also denied these challenges, expressly stating that all voir dire responses from these two prospective jurors had been considered and that both seemed fair and impartial on the whole. Williams then used his final two peremptory strikes. As a result, none of these individuals sat on the jury. It is not error to force defense counsel into using a peremptory challenge in this fashion. *See Russell v. State*, 670 So. 2d

816, 826 (Miss. 1995); *Mettetal v. State*, 602 So. 2d 864, 869 (Miss. 1992). Williams cured any mistake. Consequently, this Court need not and will not take corrective action as to this issue.

Neither may Williams attack the subsequent seating of juror Smith. Defense counsel accepted the juror without challenge. In fact, Mr. Conway did not voir dire this black juror individually to avoid "potentially giving the State some racially-neutral reason to strike her." Williams wanted Ms. Smith on the jury. Because she eventually voted to convict, he may not now complain to this Court that his tactic backfired. Therefore, this assignment of error is wholly without merit.

III. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S OBJECTION TO PROSECUTOR'S REMARKS IN CLOSING ARGUMENT.

Williams alleges that the trial court improperly overruled an objection posed during Assistant District Attorney Simpson's closing argument. However, the basis for and ruling on this objection remain unreported. The State responds that Williams is therefore procedurally barred from arguing the point. Again, we agree with the State.

It is the objector's duty to seek a definitive ruling from a trial court. *Gayten v. State*, 595 So. 2d 409, 413 (Miss. 1992) (involving objection to comment during closing argument). Where no ruling is forthcoming and no corrective action is requested, the objection is waived. *Id.* It is the objector's duty as well to preserve a record reflecting that ruling. *See Walker v. State*, 671 So. 2d 581, 620 (Miss. 1995).

During the State's case-in-chief, Gulfport Police Officer Phillip Jordan recounted his role in the robbery investigation. Officer Jordan testified that "[t]hey located the owner or individual that was renting the apartment and requested -- the detectives asked if we could search the apartment. He refused. We stood around and kept the apartment secured until we had a search warrant." Defense counsel remained silent. During his closing argument, Assistant District Attorney Stephen Simpson inquired of the jury: "Why would he say no, I'm not letting you in? Why would he make them stand out there and go get a search warrant?" At this point defense counsel objected, but the trial judge did not rule.

Mr. Simpson's reference to Williams's refusal to consent cannot be the basis for reversal without an

objection and subsequent ruling. The record reflects neither the basis for the objection nor the resulting ruling. Because this assignment of error is procedurally barred, we have no choice but to conclude that it is without merit.

THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT HOPE OF PROBATION OR PAROLE IS AFFIRMED. COSTS ARE ASSESSED AGAINST APPELLANT.

**BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR. THOMAS, P.J., NOT PARTICIPATING.**